IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK MOYER, | : | Civil No. 3:19-CV-01270 |
| Plaintiff, | : | |
| v. | : | |
| TRUSTEES OF THE BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Defendant Trustees of the Boilermaker-Blacksmith National Pension Trust's ("Pension Trust") motion for summary judgment. (Doc. 14.) The court finds that this declaratory judgment action is actually a benefits dispute claim pursuant to the Employee Retirement Income Security Act ("ERISA"), and that Plaintiff Mark Moyer's ("Moyer") claim is time barred. For the reasons that follow, the court will grant the motion.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

In considering the Pension Trust's motion for summary judgment, the court relied on the uncontested facts, or where the facts were disputed, viewed the facts and deduced all reasonable inferences therefrom in the light most favorable to

---

[1] These facts are taken from the Pension Trust's statement of material facts and supporting exhibits. Notably, Plaintiff has failed to respond to the Pension Trust's motion, including a counter-statement of facts, as required by the Local Rules. *See* L.R. 56.1

1

Moyer as the nonmoving party in accordance with the relevant standard for deciding a motion for summary judgment. *See Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 362 (3d Cir. 2008).

The Pension Trust administers the Boilermaker-Blacksmith National Pension Trust, which is an employee benefit plan under ERISA, 29 U.S.C. § 1002(3). (Doc. 15-1, p. 7; Doc. 15-4, ¶ 2.)[2] The Pension Trust is governed by the Plan Document. (Doc. 15-2, p. 9; Doc. 15-4, ¶ 3; 29 U.S.C. § 1004(a)(1)(D).) The Plan Document gives the Pension Trust "complete discretion to construe, interpret, and apply all terms and provisions" of the Plan Document. (Doc. 15-2, p. 85.) Moyer is a participant in the Pension Trust as defined under ERISA, 29 U.S.C. § 1002(7). (Doc. 15-4, ¶ 4.) Moyer retired effective April 1, 2006, and elected to receive his pension in the form of the 75% Husband-and-Wife option, meaning that Moyer does not receive the full amount of his pension unless his spouse predeceases him. (Doc. 15-2, pp. 42–43; Doc. 15-3, pp. 8–9.) Instead, Moyer receives a lesser amount, but his spouse will continue to receive benefits following his death. (Doc. 15-3, p. 9.)

Moyer and Teresa Basset Moyer Allen ("Allen"), Moyer's now ex-wife, divorced in January 2010. (Doc. 2, ¶ 4.) In 2012, Moyer asked that the Pension Trust remove Allen from his pension based on an agreement in their divorce

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

settlement. (Doc. 15-3, pp. 10–20.) In declining to remove Allen, the Pension Trust stated that under the Plan Document, Moyer could not remove his spouse, even if divorced, after he began receiving pension benefits. (*Id.* at 20.) Specifically, the Pension Trust referred Moyer to Section 6.09 of the Plan Document, which provides: "The monthly amount of the Husband and Wife Pension, once it has become payable, shall not be increased if the spouse is subsequently divorced from the Pensioner . . ." (*Id.*; Doc. 15-2, pp. 44–45.)

Throughout 2013 and 2014, Moyer, through counsel, and the Pension Trust exchanged numerous letters regarding Moyer's request to remove Allen from his pension and change the type of pension. (Doc. 15-3, pp. 24–43.) On August 12, 2014, the Pension Trust provided Moyer with its claims and appeals procedures. (*Id.* at 37–43.) Moyer timely appealed the Pension Trust's denial of his request to remove Allen as a beneficiary on October 14, 2014. (*Id.* at 44–63.) On December 16, 2014, the Pension Trust denied Moyer's appeal citing Sections 6.06 and 6.09 of the Plan Document, and stating that Moyer and Allen "elected the 75% Husband-and-Wife Option at the time of his retirement in April, 2006, and the benefit option cannot be changed after the Participant's Annuity Starting Date and subsequent divorce." (*Id.* at 1–2.) The Pension Trust also provided that Moyer had the right to bring a civil action under Section 502(a) of ERISA within two years of the determination date. (*Id.* at 2.)

This case was initiated by Moyer via complaint in the Court of Common Pleas of Pike County, Pennsylvania, on June 25, 2019. (Doc. 2, p. 5.) The complaint seeks entry of a declaratory judgment against the Pension Trust and Allen, Moyer's ex-wife who was previously a defendant in this action. (*Id.* at 5–6.) Specifically, Moyer requests an order removing Allen from the pension as agreed between Moyer and Allen in their divorce. (*Id.*) The Pension Trust removed this case to this court on July 22, 2019, and answered the complaint on August 12, 2019. (Docs. 1, 2, 6.)

On September 11, 2019, the Pension Trust filed a motion, as well as brief in support, to dismiss Allen from this action as a misjoined party under Federal Rule of Civil Procedure 21. (Docs. 10, 11.) Plaintiff did not respond or oppose the motion, and the court granted the motion dismissing Allen from this case on December 12, 2019. (Doc. 13.)

On January 31, 2020, the Pension Trust filed the pending motion for summary judgment, statement of facts, and brief in support thereof. (Docs. 14, 15, 16.) Because Moyer did not respond, the court ordered him to show cause why the motion for summary judgment should not be deemed unopposed. (Doc. 17.) On March 12, 2020, Moyer responded to the show cause order stating he did not "contest the motion, but was not authorized to concur in the requested relief." (Doc. 18.)

## JURISDICTION

The court has original jurisdiction over this case under 29 U.S.C. § 1132(e), which provides the district courts of the United States with exclusive jurisdiction over ERISA actions.  Furthermore, venue is proper under 28 U.S.C. § 1391 because this action was pending in the Court of Common Pleas for Pike County, Pennsylvania at the time of removal.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 sets forth the standard and procedures for the grant of summary judgment.  Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).  A factual dispute is "material" if it might affect the outcome of the suit under the applicable substantive law, and is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion for summary judgment, a court "must view the facts in the light most favorable to the non-moving party" and draw all reasonable inferences in favor of the same.  *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex*, 477 U.S. at 324. "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010). The non-moving party may not simply sit back and rest on the allegations in its complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted); *see also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322–23. "Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

# DISCUSSION

At the outset, the court notes that Moyer failed to respond to the Pension Trust's motion for summary judgment. In response to the court's order to show cause, Moyer stated:

> Counsel's opinion has consistently been the same: the Summary Plan Description regarding change of allocation of pension benefits is self contradictory and misleading. To the extent there is a contradiction between the Summary Plan Description and the terms of the Pension Trust, the latter prevails. However, notwithstanding whether the Summary Plan Description is misleading, ERISA requires a QDRO in order for the divorce settlement to be dispositive. The time for a QDRO long since expired. Under these circumstances guided by Fed.R.Civ.P. 11, counsel did not challenge defendant's motion for summary judgment. Counsel advise Mr. Nathan Kakazu, attorney for defendant, that he would not contest the motion, but was not authorized to concur in the requested relief.

(Doc. 18, p. 2.) While counsel appears not to contest the present motion for summary judgment, to the extent he wishes the court to consider these arguments, the court declines to do so. Counsel fails to provide any support for his position, through exhibits, case law, or otherwise. Furthermore, pursuant to Local Rule 56.1, the material facts set forth in the Pension Trust's statement of facts are deemed admitted because Moyer failed to respond thereto.

**A. Moyer asserts a denial of benefits action under ERISA**

Before addressing the merits of this case, the Pension Trust addresses whether this is truly an ERISA action, rather than a declaratory judgment action as pled in Moyer's complaint. (Doc. 16, p. 5.) The Pension Trust argues that

7

ERISA's broad preemption force transforms Moyer's Pennsylvania common-law declaratory judgment action into an ERISA claim because the action requested requires the court to examine the terms of the Plan Document.  (*Id.* at 5–6.)  Further, the Pension Trust submits that this ERISA action is a benefits dispute claim because Moyer's main contention is that the Pension Trust "improperly refused to remove Ms. Allen as survivor annuitant on [Moyer's] pension."  (*Id.* at 6–7.)

ERISA's preemption power is broad and will preempt "any and all State laws insofar as they may now or hereafter related to any employee benefit plan."  *Pilot Life Ins. CP. V. Dedeaux*, 481 U.S. 41, 44–45 (quoting 29 U.S.C. § 1144(a)).  When the state law claim relates to an ERISA claim, ERISA preempts that state law claim.  *Rieser v. Standard Life Ins. Co.*, 159 F. App'x 374, 377–78 (3d Cir. 2005).  A claim "'relates to' an employee benefit plan if it 'has a connection with or reference to such a plan.'"  *Id.* (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983)).  In determining the type of ERISA claim, the claim is one for benefits "where the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA."  *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 254 (3d Cir. 2002) (quoting *Smith v. Sydnor*, 184 F.3d 356, 362 (4th Cir. 1999)).

In the case at hand, Moyer's Pennsylvania declaratory judgment action seeks a court order to remove Allen as a beneficiary and to provide him with additional benefits under his pension, an employee benefit plan.  The court agrees with the Pension Trust that any ruling on Moyer's declaratory judgment claim necessarily involves examining the Plan Document.  Furthermore, in order to resolve Moyer's claim, the court must interpret and apply the Plan Document, rather than ERISA.  Thus, Moyer's claim is really an ERISA benefits dispute claim under 29 U.S.C. § 1132(a)(1)(B).

**B. Moyer's claim is barred by the statute of limitations set forth in the Plan Document and under Pennsylvania law**

Regarding the merits of Moyer's claim, the Pension Trust argues that the statute of limitations expired for Moyer's claim within two years of the Pension Trust's denial of Moyer's final appeal decision of December 16, 2014.  (Doc. 16, pp. 7–8.)  Alternatively, the Pension Trust contends that even if the court did not apply the Plan Document's limitation, the four-year statute of limitations for breach of contract actions bars Moyer's claim.  (*Id.* at 8–9.)

ERISA does not specify a statute of limitations for benefit dispute claims. *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 305 (3d Cir. 2008).  However, "[a]s a general rule, when Congress omits a statute of limitations for a federal cause of action, courts 'borrow' the local time limitation most analogous to the case at hand." *Id.* (quoting *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1179 (3d

9

Cir. 1992)).  The Third Circuit has held that the most applicable statute of limitations to a benefit dispute claim under 29 U.S.C. § 1132(a)(1)(B) is a breach of contract claim, which has a statute of limitations of four years in Pennsylvania.  *Id.* (citing *Gluck*, 960 F.2d at 1181; 42 Pa. Cons. Stat. Ann. § 5525(a)(8)).  Furthermore, the parties to an employee benefit plan may "contract for a shorter limitation period, so long as the contractual period is not manifestly unreasonable."  *Id.*; *see, e.g.*, *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 105–06 (2013) (noting that a one-year statute of limitation is reasonable).

      Here, reviewing Moyer's claim under either the Plan Document's two-year statute of limitations or a breach of contract claim four-year statute of limitations, Moyer's claim is time barred.  The Pension Trust issued its final appeal decision on December 16, 2014, thus, Moyer's time to file a civil action expired on December 16, 2016, or December 16, 2018, respectively.  Moyer did not file his complaint in the Court of Common Pleas of Pike County, Pennsylvania, until June 25, 2019.  Accordingly, Moyer's claim is time barred.[3]

---

[3] Because the court find that Moyer's claim is time barred, the court will not address the Pension Trust's final argument as to the merits of Moyer's ERISA claim.

## Conclusion

For the reasons stated herein, the court will grant the Pension Trust's motion for summary judgment. (Doc. 14.) An appropriate order will issue.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: May 15, 2020